## 28136. MILLS *v.* THE STATE.

DECIDED APRIL 9, 1940.

*Louis H. Foster,* for plaintiff in error.

GUERRY, J. The defendant was accused under the provisions of the Code, § 68-308. The accusation charged that the defendant accidentally damaged the personal property of T. C. Hall, to wit: "one black female hog weighing about 125 pounds, while driving a motor vehicle upon a public highway of said county and State, and after damaging the property of the said T. C. Hall, did fail to immediately stop and give his name and address." The defendant demurred on the ground that the accusation sets out no offense against the laws of this State, and is "vague, indefinite and uncertain in that it does not show that any one was present at the time of said accident . . to whom the defendant could have reported said accident or that he knew who to report it to." We think the demurrer should have been sustained. The section provides that in case of accident to "any person or damage to any property" the operator shall immediately stop, and "upon request of the person injured or sustaining damage thereby, or of any other person present" give his name and address. In the event of an injury to person, or a collision between machines, it may not be necessary to allege that there were persons present, because the facts stated necessarily allege it. When an animal is struck by a car it is not nec-

essarily inferable that any other person is present to whom information could be given, and an accusation or indictment which fails to make such an allegation is fatally defective. The law will not presume that the owner or "other person" is present on every occasion of contact between an automobile and an animal on the highway. While the expression "damage to any property" may be broad enough to cover live stock owned by another, the statute will not be enlarged by construction so that a failure by the driver to stop as required becomes penal, irrespectively of whether any one is present to whom he may give his name and address. The court erred in overruling the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*